## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY ABDOULAYE, | : | Civil No. 4:20-CV-01650 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Jennifer P. Wilson |
| | : | |
| CLAIR DOLL, *et al.*, | : | |
| | : | |
| Respondents. | : | Magistrate Judge William I. Arbuckle |

### **MEMORANDUM**

This is a habeas corpus case brought by an immigration detainee who is currently detained in York County Prison.  Petitioner Barry Abdoulaye ("Abdoulaye") argues that he is entitled to habeas corpus relief because of his risk of exposure to COVID-19.  (Doc. 1.)  The case is presently before the court on a report and recommendation issued by United States Magistrate Judge William I. Arbuckle, which recommends that the petition be denied without prejudice as to the COVID-19 claim and dismissed without prejudice to the extent that it raises a claim challenging the length of Abdoulaye's detention.  (Doc. 11.)  No objections to the report and recommendation have been filed.

When neither party objects to a magistrate judge's report and recommendation, a district court is not required to conduct a de novo review of the report and recommendation.  *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Instead, the court is only required to "satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." *Id.*

(quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

Here, the court will adopt the report and recommendation in part and reject it

in part. The court begins its analysis with the argument that Abdoulaye's detention

has become unreasonably prolonged. The report and recommendation

recommends that the court decline to consider this argument under the first-filed

rule because Abdoulaye has already raised this argument in a prior habeas corpus

petition before this court. Doc. 11 at 3–5; *see also Barry v. Dir. of Homeland Sec.*,

No. 1:20-CV-01246 (M.D. Pa. filed Mar. 19, 2020).

The court will reject this recommendation. Although the first-filed rule

gives the court the discretion to stay, transfer, or dismiss a case that is duplicative

of an earlier-filed case, *see Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d

Cir. 2016), the court finds that application of the first-filed rule here would be

inequitable. *See Honeywell Int'l Inc. v. Int'l Union, United Auto., Aerospace &*

*Agric. Implement Workers of Am.*, 502 F. App'x 201, 205 (3d Cir. 2012) ("Courts

have consistently recognized that the first-filed rule is not a rigid or inflexible rule

to be mechanically applied. Rather, though exceptions are rare, the first-filed rule

may properly be departed from as the equities of a given case require." (internal

alternations and citations omitted)). Prior to the report and recommendation being

issued in this case, Abdoulaye specifically moved to withdraw his earlier-filed

habeas corpus petition "so that he can move on with his new petition and not get denied . . . because of [the] first filed rule." *Barry*, No. 1:20-CV-01246, Doc. 17. The court granted that motion on November 30, 2020, and closed the earlier case. *See id.*, Doc. 18. Given those circumstances and Abdoulaye's status as a self-represented litigant, the court finds that it would be inequitable to dismiss the instant petition under the first-filed rule.

Nevertheless, the court will still deny habeas corpus relief as to any claim pertaining to the length of Abdoulaye's detention because the petition did not adequately raise such a claim. The petition does not argue that Abdoulaye's detention is unconstitutionally prolonged or that the length of his detention entitles him to habeas corpus relief in any other way. In fact, other than the factual assertion that Abdoulaye "has been in ICE custody for more than a year," the petition makes no mention of the length of Abdoulaye's detention. (*See* Doc. 1 ¶ 21(d).) Although a court must liberally construe an unrepresented litigant's filings, the unrepresented litigant "still must allege sufficient facts . . . to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Here, absent any argument or other statement as to how the length of his detention entitles to him habeas corpus relief, the court finds that Abdoulaye has not raised a claim related to the length of his detention. The court will therefore deny the petition without prejudice as to any such claim.

As for Abdoulaye's claim arising from the risk of exposure to COVID-19,

the report and recommendation recommends that the claim be denied without

prejudice because Abdoulaye's risk of exposure to COVID-19 does not amount to

punishment or deliberate indifference.  (Doc. 11 at 7–18.)  The court has reviewed

this conclusion and finds no clear error on the face of the record.  Accordingly, the

court will adopt the recommendation and deny the petition without prejudice.  An

appropriate order follows.

<div style="margin-left: 40%;">
s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Court Judge<br>
Middle District of Pennsylvania
</div>

Dated: January 12, 2021